WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Weigel, | No. CV 11-086-TUC-BPV |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, Justin Weigel, suffers from the impairments of left ankle trauma, status post-surgery. In addition, Plaintiff suffers from bipolar disorder and depression. Plaintiff applied for Disability Insurance Benefits (DIB) on April 26 2005, alleging disability since October 14, 2004 due to an ankle injury and mental impairments. Tr. 35, 37, 163-65, 178-91. The application was denied initially, (Tr. 73), on reconsideration (Tr. 78), and after an administrative hearing before an Administrative Law Judge (ALJ) held on October 17, 2006 (Tr. 39-47). The Appeals Council remanded the ALJ's decision for a new hearing and decision on July 19, 2007. Tr. 136-39. On April 10, 2008, the ALJ issued a second unfavorable decision. Tr. 645-57. The Appeals Council again remanded on December 31, 2008. Tr. 658-61. On April 1, 2009, Plaintiff, through his attorney, amended his application to request a closed period of disability from October 14, 2004 to August 31, 2008, due to the fact that he returned to work in September 2008. Tr. 711. The ALJ issued a written decision on November 6, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 17-28. This decision became the final

decision for purposes of judicial review under 42 U.S.C. § 405(g) when the Appeals Council denied review. Tr. 6.

Plaintiff now brings this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g). The United States Magistrate Judge has received the written consent of both parties, and, accordingly, presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73.

After considering the record before the Court and the parties' briefing of the issues, the Court will reverse Defendant's decision and remand for an award of benefits.

## I.  STANDARD OF REVIEW

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court will set aside a denial of benefits only if the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982), *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir, 1982)); 42 U.S.C. § 405(g). The Commissioner concedes that the Commissioner's final decision is not supported by substantial evidence, and thus, judgment should go to Plaintiff. (Doc. 22, at 1)

## II.  DISCUSSION

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he has not worked since the alleged disability onset date, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920.

In her decision, the ALJ found Plaintiff did not engage in substantial gainful activity from October 14, 2004, his alleged onset date, through August 31, 2008, the day before

he returned to work. Tr. 19. At step two, the ALJ found Plaintiff had left ankle trauma, status post-surgery times two, an impairment that was "severe" pursuant to the regulations. Tr. 19-21. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. Tr. 21-22.

The ALJ found Plaintiff had the residual functional capacity to perform sedentary work as follows:

> [I]s able to stand/walk slightly less than two hours a day and sit for six to eight hours a day; should avoid climbing ladders, ropes, and scaffolds; is able to occasionally stoop and climb ramps; should avoid kneeling, crouching and crawling; is able to rarely climb stairs; should avoid pushing/pulling of foot controls with his left foot; must occasionally use a cane and is able to walk 50 yards at a time on uneven surfaces; is able to operate a motor vehicle frequently; should avoid unprotected heights and work around moving machinery; should avoid extreme ability to function socially and maintain concentration, pace, and persistence.

Tr. 22-26. At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work as a deputy sheriff and security guard, and dent repair technician. Tr. 26. At step five, relying on vocational expert testimony, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy, including the jobs of assembler, order clerk, and sorter. Tr. 26-28. Therefore, the ALJ found Plaintiff was not disabled at any time from October 14, 2004 through the date of her decision. Tr. 28.

The Commissioner concedes that The ALJ committed reversible error by not mentioning Dr. Kuntzelman's opinions. (Doc. 22, at 4) In particular, the Commissioner did not mention the September 2005 treating source opinion of Michael Kuntzelman, Plaintiff's treating psychiatrist. Tr. 276-79. Dr. Kuntzelman stated that Plaintiff was able to perform, but would have noticeable difficulty (distracted from job activity) from 11 to 20 percent of the workday or workweek (*i.e.*, more than one hour per day or more than one-half day per week) in the following activities:

- Maintaining attention and concentration for extended periods of time;
- Working in coordination with or proximity to others without being distracted by them;
- Accepting instructions and responding appropriately to criticism from supervisors; and
- Traveling to unfamiliar places or using public transportation.

He stated Plaintiff was able to perform, but would have noticeable difficulty (distracted from job activity) more than 20 percent of the workday or workweek (*i.e.*, more than one hour and up to two hours per day or one-half to one day per week) with respect to completing a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Dr. Kuntzelman concluded that Plaintiff could work only four hours per day, five days per week. Tr. 276-79.

Plaintiff submits that if the Court finds error, the Court has a choice of judicial relief; the court can make a finding of clear disability or enter judgment reversing the final decision with a remand for further administrative proceedings. (Doc. 16, at 14) Similarly, Defendant states that a court has discretion to remand for further proceedings when the final decision of the Commissioner is not supported by substantial evidence or is not free from legal error, and that the choice to remand is discretionary and rests upon the utility of further proceedings. (Doc. 22, at 4)(citing *Bunnell v. Barnhart*, 336 F.3d 112, 1114, 1115-16 (9th Cir. 2003). Not surprisingly, Plaintiff petitions the court to find Plaintiff clearly disabled at step five, while the Commissioner submits that additional administrative proceedings would not only be useful in this case, but are necessary to reach an informed decision.

Plaintiff asserts that the Commissioner has taken the position that the Social Security Act does not authorize a court to hold that a claimant is disabled. To the extent Plaintiff

may have correctly characterized the Commissioner's argument;[1] the Court rejects such a narrow restriction on this Court's authority. The Social Security Act grants a court express authority to determine that a plaintiff is entitled to benefits without remanding to the Social Security Administration for further administrative proceedings. *See* 42 U.S.C. § 405(g)("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *see also Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)(Section 405(g) decision to remand for further proceedings or direct a payment of decisions based solely upon the administrative record necessarily rests in the discretion of the district court (citing *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998), and cases discussed therein).

Plaintiff argues that, on the record, the Court should hold that Weigel was clearly disabled at step five in light of Dr. Kuntzelman's September 2005 opinions at issue. (Doc. 16, at 14)(citing *Benecke v. Barnhart,* 379 F.3d 587, 593-94 (9th Cir. 2004)). The Commissioner challenges this assertion as the improper application of the so called "credit-as-true" rule, arguing that it is inconsistent with the Act and with the standards used by other Courts of Appeals in reviewing denials of Social Security disability benefits.

As Plaintiff submits, however, this Circuit has clearly held that an action should be remanded for an award of benefits where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988)(*Varney II*);

---

[1] The Court does not find that the Commissioner is making such a broad argument, but rather is making a more narrow argument against the Court's ability to "credit-as-true" evidence that has not been first considered by the Agency. The Court will address the "credit-as-true" argument in turn, but will first briefly address Plaintiff's characterization of the broader argument that this Court is without authority to hold that a claimant is disabled.

- 5 -

*see also Benecke,* 379 F.3d at 593 (*citing Harman,* 211 F.3d at 1178).

      The parties concede that the ALJ failed to provide legally sufficient reasons for not considering and therefore by implication, improperly rejecting Dr. Kuntzelman's opinion. No outstanding issue remains to be resolved before determining that Plaintiff is entitled to the reinstatement of benefits. The impartial vocational expert testified that application of Dr. Kuntzelman's opinion with regard to Plaintiff's mental impairments together with the ALJ's RFC with regard to Plaintiff's non-mental impairments, would result in the conclusion that such a person would be unable to perform Plaintiff's past work or other work within the national economy. Tr. 832-33. Defendant did not object to this factual finding. Because it is clear that the ALJ would be required to find Plaintiff disabled, the Court will remand the case for an award of benefits. *See Benecke*, 379 F.3d at 593-95 (remanding for an award of benefits where no outstanding issues remain and ALJ would be required to find claimant disabled if evidence is credited); *Regennitter v. Comm'r of Soc.Sec.Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999) (where the court "conclude[s] that...a doctor's opinion should have been credited and, if credited, would have led to a finding of eligibility, we may order the payment of benefits."); *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), (remanding for payment of benefits because, after crediting doctor's opinion as true, inter alia, "the evidence...demonstrates that..." the plaintiff was disabled.); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) (remanding for payment of benefits where the Secretary did not provide adequate reasons for disregarding examining physician's opinion); *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)(same). As noted by Plaintiff, other than suggesting that the opinions of examining psychologist Dr. Kroese would be "substantial evidence" of non-disability on remand, the Commissioner presented no argument that a reasonable ALJ could give either the "clear and convincing reasons" that Ninth Circuit law requires, *see Lester*, 81 F.3d at 830, or the "good reasons" that the regulations require, *see* 20 C.F.R. § 404.1527(d)(2) (2011), to reject treating psychiatrist Dr. Kuntzelman's September 2005 opinions (Doc. 22. at 1-9). Accordingly, all three factors that the Court must consider

support Plaintiff's request to remand the matter for an award of benefits post September 20, 2005. *Benecke*, 379 F.3d at 595 (recognizing that "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" (quoting *Varney II*, 859 F.2d at 1398).

Defendant claims that a remand for further development of the record is in order. Plaintiff applied for disability benefits more than six years ago. He has been denied at the initial, reconsideration, hearing, and appellate levels of the administration, and has been remanded twice to the ALJ already for further proceedings. Plaintiff specifically highlighted Dr. Kuntzelman's restrictions in a memorandum to ALJ prior to the most recent administrative hearing, (Tr. 50-53), yet, Defendant improperly evaluated Dr. Kuntzelman's opinion after the third administrative hearing. A remand for further proceedings is not warranted.

IT IS ORDERED:

1. Defendant's decision denying benefits is reversed.

2. Defendant's motion to remand pursuant to sentence four (Doc. 21) is DENIED.

2. The case is remanded to Defendant for an award of benefits.

3. The Clerk is directed to enter judgment accordingly.

Dated this 6th day of March, 2012.

_____
Bernardo P. Velasco
United States Magistrate Judge